**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CLIFFORD RANDALL KEMBERLING,<br><br>*Plaintiff*,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC, FREMONT REORGANIZING CORPORATION formerly known as FREMONT INVESTMENT & LOAN, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AZTEC FORECLOSURE CORPORATION, INC., HSBC Bank USA, N.A., ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, Series 2005-HE6, and DOES 1 through 10 inclusive and ROE Corporations 1 through 10 inclusive,<br><br>*Defendants*. | 2:09-CV-00567-RCJ-LRL<br><br>**ORDER** |

## I. INTRODUCTION

This is a mortgage foreclosure case. Before the Court is Defendant Fremont Reorganizing Corp.'s Motion to Dismiss (#7) pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Ocwen, HSBC Bank, and MERS's Motion to Dismiss and Strike (#8) pursuant to Federal Rule of Civil Procedure 12(b)(6) and (f), Plaintiff's Motion to Remand (#13), and Defendant Fremont's Motion to Strike (#30).

The Court has considered Defendant's Motion and the pleadings on file on behalf of all parties. IT IS HEREBY ORDERED that Defendant Fremont's Motion to Dismiss (#7), Defendant Ocwen et al.'s Motion to Dismiss and Strike (#8), and Defendant Fremont's Motion to Strike (#30) are GRANTED.

1  IT IS FURTHER ORDERED that Plaintiff's Motion to Remand (#13) is DENIED as moot.

2  IT IS FURTHER ORDERED that Plaintiff's "Certificate of Protest under Notary Seal" is
3  hereby STRICKEN.

## II.  FACTS

5  In July 2005, Plaintiff purchased real property and financed the purchase through Fremont
6  with first and second deeds of trust, and accompanying notes securing the loan. Fremont sold
7  Plaintiff's loans on the secondary market to Deutsche Bank in August 2005 and service released
8  those loans to Ocwen Federal Bank in December 2005. The original nominated beneficiary was
9  MERS. MERS assigned beneficiary was HSBC for which MERS remained as nominee. Defendant
10 Aztec was the authorized and substituted foreclosure trustee. Plaintiff defaulted on his loan and a
11 trustee's sale was noticed and completed pursuant to the provisions of Plaintiff's Deed of Trust.

12 Plaintiff filed his Complaint in Clark County and Defendants properly removed it to federal
13 court in March 2009. The Complaint brings two causes of action: quiet title and fraud. (#1).

## III.  DISCUSSION

### A.  Motions to Dismiss

16 Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the
17 plaintiff "fail[s] to state a claim upon which relief can be granted." Dismissal for failure to state a
18 claim under Rule 12(b)(6) is proper only if it is beyond doubt that the plaintiff can prove no set of
19 facts in support of the claim that would entitle the plaintiff to relief. *Williamson v. Gen. Dynamics*
20 *Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000). The review is limited to the complaint, and all
21 allegations of material fact are taken as true and viewed in the light most favorable to the plaintiff.
22 *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996). Although courts assume the factual
23 allegations to be true, courts should not "assume the truth of legal conclusions merely because they
24 are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.
25 1981).

On a motion to dismiss, the court "presumes that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss under Rule 12(b)(6). *In re Stac Elecs.*, 89 F.3d at 1403.

Plaintiff fails to bring a claim upon which relief can be granted for either of his causes of action, to quiet title or for fraud by Defendants. No claim for wrongful foreclosure can be made, and the fraud claim fails as it lacks the required specificity.

### 1. Quiet Title

Plaintiff alleges that Defendants had no interest in the property and that they should be enjoined from asserting any estate, right, title or interest in the property adverse to him. (#1 at 3). A quiet title claim requires a plaintiff to allege that the defendant is unlawfully asserting an adverse claim to title to real property. *Union Mill v. Mining Co. v. Warren*, 82 F. 519, 520 (D. Nev. 1897); *Clay v. Cheeline Banking & Trust Co.*, 40 Nev. 9, 159 (1916). Defendant Fremont no longer claims any interest in the property as it is not the owner of the Note or Deed of Trust and does not claim any interest in the subject property. Defendant HSBC properly completed the foreclosure sale and it is the only defendant which claims interest in it. Plaintiff provides no explanation as to what interests Defendants acquired that were unlawful. In his request to quiet title, Plaintiff states no claim upon which relief can be granted.

### 2. Fraud

Plaintiff alleges that Defendants intentionally misrepresented the nature of the loans and that the loan was sub-prime in nature and not to Plaintiff's benefit, along with other misrepresentations. (#1). He also alleges that Defendants failed to provide the original note. He alleges that an unidentified defendant endorsed the Note, opened a deposit on demand account in his name, forged his signature, and deposited the Note as an asset. Other unidentified defendants then used the endorsed note as an asset to fund the alleged loan. *Id.* at 4. He alleges that there was no lawful

money loaned in the first place and that the alleged Note had been discharged or paid in full, and that he fears he was duped into a money-laundering scheme. *Id.*

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. *See Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993). In addition, allegations of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The Rule's heightened pleading requirements have been held to apply to both intentional and negligent misrepresentation claims. *See Deitz v. Comcast Corp.*, No. 06-6352, 2006 WL 3782902, at *6 (N.D. Cal. Dec. 21, 2006) (collecting cases).

Again, Plaintiff fails to provide any particulars to the time, place, manner, identity, or content of the misrepresentations. Without such factual allegations, he does not meet Rule 9(b)'s heightened pleading standard and his cause of action for fraud necessarily fails. His money-laundering arguments fails as the loans made to Plaintiff constitute the lending of money and creation of debt. *See Kolb v. Naylor*, 658 F. Supp. 520 (N.D. Iowa 1987).

Defendants are not required to produce the original loan documents. Courts across the country have rejected claims by plaintiffs asserting a duty by the lender to provide the original note under the U.C.C. to prove its holder in due course status. *See, e.g.*, *U.S. Bank N.A. v. Phillips*, 852 N.E.2d 380 (Ill.App.Ct. June 26, 2006); *The Frances Kenny Trust v. World Savings Bank FSB*, 2005 WL 106792 (Order, N.D. Cal. Jan. 19, 2005); *Alcorn v. Washington Mutual Bank, F.A.*, 111 S.W.3d 264 (Tex.App. July 3, 2003). Plaintiff's argument that Defendants' failure to produce the original Note demonstrates they have no legal interest in the property fails.

Plaintiff's fleeting allusion to a violation of TILA fails as a claim as well. Not only is it time-barred, but Plaintiff provides no factual allegations as to the claim. Additionally, the foreclosure was

performed properly. Plaintiff's allegation of fraud on the part of Defendants fails to state a claim upon which relief can be granted dismissal is appropriate.

### B.     Motion to Strike

Federal Rule of Civil Procedure 12(f) states that the court "may strike from a pleading an Insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Redundant matter is that which consists of allegations that constitute a needless repetition of other averments." *Moulton v. Eugene Burger Mgmt. Corp.*, 2009 U.S. Dist. LEXIS 8694 (D. Nev. Jan. 26, 2009) (citing *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1299 (D. Nev. 2003) (internal quotations omitted). "Matter which is immaterial is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. *Id.*

Plaintiff requests punitive damages and Defendants move to strike the request (#8). Nevada Revised Statute § 42.005 provides for punitive damages as a remedy only "in an action for the breach of an obligation not arising from contract." Vague or conclusory allegations are not sufficient, even if a tort claim was stated. *See* Fed. R. Civ. P. 9; *Rush v. Nev. Indus. Comm.*, 94 Nev. 403, 580 P.2d 952 (1978). Plaintiff has failed to allege his claims with sufficient particularity for an award of punitive damages.

Defendant Fremont also brings a Motion to Strike Plaintiff's Affidavit full of allegations and statements regarding the matter. (#30). The Affidavit (#29) is not made attached to a motion or part of any pleading pending before the Court. As Plaintiff is appearing *pro se*, it would seem he filed the Affidavit in an effort to put forth his version of the facts on the record. However, that is not the proper venue to use to put forth allegations and statements. Accordingly, striking Plaintiff's Affidavit is appropriate.

### C.     Standard for Motion to Remand

Any civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed. 28 U.S.C. § 1441. Jurisdiction founded on 28

U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000. The removal statute is to be strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

As diversity between the parties is complete, and the Court has proper subject matter jurisdiction, and Plaintiff provides no argument to the contrary. Further, Plaintiff's Motion is moot as dismissal is appropriate.

### IV.   CONCLUSION

The Court has considered Defendant's Motion and the pleadings on file on behalf of all parties. IT IS HEREBY ORDERED that Defendant Fremont's Motion to Dismiss (#7), Defendant Ocwen et al.'s Motion to Dismiss and Strike (#8), and Defendant Fremont's Motion to Strike (#30) are GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand (#13) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's "Certificate of Protest under Notary Seal" is hereby STRICKEN.

DATED: October 26, 2009.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

(jc)